Mrs. Hortense Duperier vs. Police Jury of the Parish of Iberia.

## No. 935.

MRS. HORTENSE DUPÉRIER VS. POLICE JURY OF THE PARISH OF IBERIA.

The plaintiff sues the parish of Iberia to recover twenty-four hundred dollars for the lease, at the rate of six hundred dollars per annum, of a building to be used as a court-house and offices, and occupied for said use during four years. The defense is that the agreement was to pay in warrants, and not in currency; that parish warrants are worth fifty cents on the dollar; and that a tax to pay the judgment rendered in this case can not be lawfully levied, as it would be in excess of fourteen and a half mills, which is the limit of taxation fixed by law.

If the parish had had the right to issue warrants (but it had not) then these warrants would have to be paid with currency. .The parish could not discharge its obligation on the warrants by paying fifty per cent of their face.

There is no force in the objection that a tax to pay the judgment rendered against the parish can not be levied. The law (act of 1869) makes it the imperative duty of courts to order the levy and collection of a tax whenever it is necessary to pay a judgment.

A PPEAL from the Third Judicial District Court, parish of Iberia. *Train*, J. *Joseph A. Breaux*, for plaintiff and appellant. *William F. Schwing*, Parish Attorney, for defendant and appellee.

LUDELING, C. J. This is a suit to recover from the parish of Iberia twenty-four hundred dollars for the lease of a building for a court-house and offices, occupied for the use of the parish during four years.

The defense is that the plaintiff agreed to lease the building to the parish for six hundred .dollars in parish warrants, payable quarterly, and that parish warrants are worth fifty cents on the dollar; and that a tax to pay the judgment rendered in this case can not lawfully be levied, as it would be in excess of fourteen and a half mills, the limit of taxation fixed by law.

The written agreement in the record shows that the lease was for six hundred dollars per annum. But if it had been, as contended for by defendant, payable quarterly in warrants, the only difference possible would have been that the payments were due quarterly. As it is, the defendant has had a much longer credit. And if the parish had had the right to issue warrants (but it had not) they would have to be paid with currency. The parish could not discharge its obligation on the warrants by paying fifty per cent of their face.

There is no force in the objection that a tax to pay the judgment rendered against the parish can not be levied because fourteen and a half mills had already been levied by the parish for general expenses. The law makes it the imperative duty of courts to order the levy and collection of a tax whenever it is necessary to satisfy the said judgment. The act of 1869 declares: "Hereafter, whenever a judgment for money is rendered by any court of competent jurisdiction against a parish, the judge who shall render the judgment shall, in the same decree, order the board of assessors or parish officers whose duty it is to assess taxes

614     SUPREME COURT OF LOUISIANA,

Mrs. Hortense Duperier vs. Police Jury of the Parish of Iberia.

forthwith to assess a parish tax at a sufficient rate per cent upon the assessment roll of the current year to pay and satisfy said judgment and interests and costs." R. S., section 2747.

It is therefore ordered that the judgment·be amended by increasing the amount of the judgment to twenty-four hundred dollars, with five per cent per annum interest from judicial demand, and that the tax to be assessed be increased to a sum sufficient to cover the amount of this judgment and costs of both courts, and as thus amended that the judgment of the lower court be affirmed with costs of appeal. ·

WYLY, J., *dissenting.* Plaintiff sues defendant for twenty-four hundred dollars on a contract of lease made in 1872 for the rent of a building to be used as a court-house, alleging that the price of the lease was six hundred dollars per annum, payable as follows: one hundred and fifty dollars at the end of each quarter.

The defense is, the contract is illegal, because made in contravention of a prohibitory law.

Section 2786 of the Revised Statutes provides that " the police juries of the several parishes  *  *  *   shall not hereafter have power to contract any debt or pecuniary liability without fully providing in the ordinance creating the debt the means of paying the principal and interest of the debt so contracted."

Section 2787 provides that the ordinance providing means to pay the debt so contracted shall remain in force, that is, shall not be repealed until the debt and interest are fully paid.

The police jury, in contracting the debt in question, provided no means whatever to pay the principal and interest of said debt. They made the contract of lease with defendant, obligating the parish to pay a specific sum of money in certain installments, without providing in the ordinance creating the debt " the means of paying the principal and interest of the debt so contracted," in contravention of a positive law forbidding them from so doing.

The contract in question undoubtedly created a debt, and in the ordinance authorizing the debt no means were provided for the payment of the same. It is a simple question of authority, and the rule is, all persons dealing with a political corporation are charged with notice of the extent of its powers.

The General Assembly, who created the parishes, thought proper to limit their powers to create debts; they have forbidden contracts of the kind declared on, and the court must uphold the law, however great the hardship to those who have dealt with the police jury in ignorance of the law limiting their powers. The ,precise question was presented in

the case of O. J. Flagg vs. the Parish of St. Charles, 27 An. 319, and in numerous other cases. The jurisprudence is settled long since on this point.

I therefore dissent in this case.

HOWELL, J., *dissenting*. I concur in the dissenting opinion of Mr. Justice Wyly.